# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
## SOUTHERN DIVISION

**CHARLOTTE A. EID, Individually and as Personal Representative of the Estate of MANSOUR G. EID, Deceased**
8370 Greensboro Drive, #1025
McLean, VA 22102

and

**To the Use of RIMA EID**
8370 Greensboro Drive, #1025
McLean, VA 22102

and

**To the Use of GEORGES EID**
8370 Greensboro Drive, #1025
McLean, VA 22102

and

**To the Use of YVONNE EID**
Main Street
Eid Building
Bikfaya, Lebanon

   **Plaintiffs,**

v.

**G. PETER PUSHKAS, M.D., P.C.**
11510 Old Georgetown Road
Rockville, MD 20852

  **Serve:**
  G. Peter Pushkas, M.D.
  11510 Old Georgetown Road
  Rockville, MD 20852

and

Case No. _____

**G. PETER PUSHKAS, M.D.**
9323 Kendale Road
Potomac, MD 20854

**Defendants.**

## COMPLAINT

**COMES NOW** the Plaintiff, Charlotte A. Eid, individually and in her capacity as Personal Representative of the Estate of the deceased Mansour G. Eid (her husband), and to the use of the Decedent's surviving children, Rima Eid and Georges Eid, and the Decedent's surviving mother, Yvonne Eid, by and through her attorneys, Edward L. Norwind, J. Philip Kessel, and Murray D. Scheel, of the law firm of Karp, Frosh, Lapidus, Wigodsky & Norwind, P.A., and states the following as her cause of action against the Defendants G. Peter Pushkas, M.D., P.C., and G. Peter Pushkas, M.D.

## PARTIES AND JURISDICTION

1. At all relevant times up to and including his death, the Decedent Mansour G. Eid and his surviving wife, Claimant Charlotte A. Eid, resided in McLean, Virginia.

2. Charlotte A. Eid is the duly appointed personal representative of the Estate of Mansour G. Eid and remains a permanent resident of McLean, Virginia. She brings this action as the Estate Representative, and also individually on her own behalf, and, pursuant to Maryland Rule 15-1001, to the use of all the persons who are or may be entitled by law to damages by reason of the wrongful death of the Decedent Mansour G. Eid.

3. Rima Eid and Georges Eid are the only children of the Decedent Mansour Eid. Rima Eid is twenty-five (25) years old, and Georges Eid is twenty-three (23) years old. They had both attained the age of majority at the time this cause of action accrued. Both Rima and Georges Eid have their permanent residence with their mother in McLean, Virginia.

4. Decedent Mansour Eid has one surviving parent, Yvonne Eid. She is a resident of Beirut, Lebanon.

5. The Plaintiff Charlotte A. Eid and "Use Plaintiffs" Rima Eid, Georges Eid, and Yvonne Eid constitute all the known persons who are or may be entitled by law to damages by reason of the wrongful death of the Decedent Mansour G. Eid.

6. Defendant G. Peter Pushkas, M.D., has at all material times been a licensed Maryland physician, practicing medicine in Maryland.

7. Defendant G. Peter Pushkas, M.D., is now and at all material times has been a resident of Potomac, Maryland, in Montgomery County.

8. Defendant G. Peter Pushkas, M.D., P.C., has at all material times been a business entity organized and existing under the laws of Maryland, and doing business at 11510 Old Georgetown Road, Rockville, Maryland, in Montgomery County.

9. At all relevant times, G. Peter Pushkas, M.D., was an employee or agent of G. Peter Pushkas, M.D., P.C., acting within the scope of his employment or agency.

10. At all relevant times, G. Peter Pushkas, M.D., P.C., rendered the medical care and treatment in question to the Decedent Mansour G. Eid at 11510 Old Georgetown Road, Rockville, Maryland, through its employee and agent G. Peter Pushkas, M.D.

11. Pursuant to Maryland Code Annotated, Courts and Judicial Proceedings § 3-2A-04, The Plaintiffs filed an initial Claim with the Health Care Alternative Dispute Resolution Office of Maryland on October 17, 2008, along with a Certificate of Merit of a Qualified Expert. Pursuant to Courts and Judicial Proceedings § 3-2A-06B, the Plaintiffs subsequently filed an Election to Waive Arbitration on December 21, 2009, and served it on the parties in this action. The Health Care Alternative Dispute Resolution Office issued an

Order of Transfer to the United States District Court for the District of Maryland, Southern Division, on January 5, 2010, and, within 60 days after the filing of the Plaintiffs' Election to Waive Arbitration, the Plaintiffs filed this instant Complaint with this Honorable Court, pursuant to Courts and Judicial Proceedings § 3-2A-06B(f)(1). Therefore, the Plaintiffs have satisfied the administrative prerequisites for the timely filing of this action. A copy of the Plaintiffs' Election to Waive Arbitration and Order of Transfer are attached as Exhibits One and Two.

12. For purposes of subject matter jurisdiction under 28 U.S.C. § 1322(a), -(c)(1)-(2), the citizenship of the parties is diverse. Since the Decedent, Mansour G. Eid, was a citizen and resident of Virginia at the time of his death, and his Estate was filed in Virginia, Plaintiff Charlotte A. Eid is also a citizen of Virginia in her capacity as the Personal Representative of her husband's Estate, pursuant to 28 U.S.C. § 1322(c)(2). The corporate Defendant is a citizen of Maryland pursuant to 28 U.S.C. § 1322(c)(1) because it is organized under Maryland law, has its principal place of business in Maryland, and, upon information and belief, has its corporate headquarters in Maryland. The Plaintiffs are therefore all citizens of Virginia or Lebanon, and the Defendants are all citizens of Maryland.

13. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

14. This Honorable Court therefore has Subject Matter Jurisdiction of this action based on diversity, pursuant to 28 U.S.C. § 1322(a).

15. This Court also has Personal Jurisdiction of the Defendants because they are residents of Montgomery County, Maryland, they conduct the practice and business of medicine in Montgomery County, Maryland, and because the alleged acts of negligence

complained of occurred in Rockville, Montgomery County, Maryland, in the course of the Defendants' regular business there as health care providers.

16.     Venue is also therefore proper in the Southern Division of the United States District Court for the District of Maryland, at Greenbelt, pursuant to 28 U.S.C §§ 100(2); 1391(a)(1)-(2).

## COUNT I

### (Wrongful Death - Medical Negligence)

17.     The aforesaid Defendants held themselves out to the public at large as possessing that degree of skill, knowledge, and ability ordinarily possessed by health care providers acting under the same or similar circumstances, and these Defendants owed a duty to Mansour G. Eid to exercise the degree of care, skill, and judgment ordinarily exercised by health care providers in like or similar circumstances in their care and treatment of Mr. Eid.

18.     At the time of the treatment in question, Decedent Mansour Eid (hereinafter "Mr. Eid") was a sixty-year-old man.

19.     In December 2001, Defendant Dr. G. Peter Pushkas (hereinafter "Dr. Pushkas") began to treat Mr. Eid for a hypercoagulable state, i.e., a heightened risk for forming blood clots.

20.     To treat Mr. Eid's condition, Dr. Pushkas prescribed 7.5 to 10 mg of the anticoagulant Coumadin, once a day.

21.     Dr. Pushkas continued to treat Mr. Eid for his condition over the next five years, examining him from two to three times a year. To monitor his hypercoagulation condition, Dr. Pushkas ordered laboratory tests of Mr. Eid's PT and INR levels. He ordered these tests approximately twice a year, when he saw Mr. Eid.

22.     On September 9, 2005, Mr. Eid's PT/INR levels were 21.2/1.81; on June 9, 2006, they were 18.2/1.54. At these levels, Dr. Pushkas continued Mr. Eid on the same dosage of Coumadin, 10 mg, once daily. Indeed, up through August 25, 2006, Dr. Pushkas had maintained Mr. Eid constantly on 10 mg of Coumadin daily since at least June 19, 2002, and had never prescribed him more than that dose.

23.     On August 25, 2006, Dr. Pushkas saw Mr. Eid again, after Mr. Eid had been evacuated from the civil war in Beirut, Lebanon. According to Dr. Pushkas' progress note from that day, Mr. Eid reported that, while he had been in Beirut, a physician had increased his prescription of Coumadin to 15 mg a day. Dr. Pushkas noted that Mr. Eid complained of having had a headache for several days, which was uncommon for Mr. Eid.

24.     That same day, August 25, 2006, Dr. Pushkas wrote Mr. Eid a prescription to continue 15 mg of Coumadin daily. This dosage constituted a 5 mg, or 50% increase, over the prior, longstanding dosage of 10 mg a day.

25.     Prior to writing the August 25, 2006 prescription, Dr. Pushkas had not conducted any additional laboratory tests to determine Mr. Eid's PT/INR levels.

26.     Dr. Pushkas had Mr. Eid's blood drawn on the August 25, 2006 visit to run PT/INR tests. August 25, 2006, was a Friday. Dr. Pushkas noted that he asked Mr. Eid to call him on Monday for the results.

27.     Mr. Eid continued to take 15 mg of Coumadin a day, as Dr. Pushkas prescribed.

28.     The results of the PT/INR tests came back the following morning, on Saturday, August 26, 2006 at 7:45 a.m. The results were highly elevated, at 27.9/4.8. This meant that Mr. Eid was hypocoagulated, and therefore at high risk for a hemorrhage.

29. Dr. Pushkas did not see the results till Monday, August 28th, however. When he saw them, he wrote a note on them to his staff, saying, "Get me when he calls today!"

30. Mr. Eid did not call in on Monday, August 28, 2006, however, because on Sunday, August 27, 2006, around 2:00 a.m., he was awakened by a severe headache. He was taken by ambulance to INOVA Fairfax Hospital, where he was diagnosed with a subdural hematoma, i.e., severe bleeding around his brain.

31. The subdural hematoma was a direct result of his over anti-coagulation, which was caused by too high a dose of Coumadin.

32. Mr. Eid was taken emergently to the operating room for evacuation of the hematoma, but never regained consciousness and soon progressed to brain death. As a result, he died at INOVA Fairfax Hospital on October 7, 2006.

33. Had Dr. Pushkas done an immediate (stat) PT/INR and otherwise properly monitored Mr. Eid's condition prior to continuing the 15 mg dosage, the excessive anticoagulation would have been discovered, the effects thereof could have then been treated and reversed, and Mr. Eid's death could have been avoided.

34. Defendant Dr. G. Peter Pushkas, and Defendant G. Peter Pushkas, M.D., P.C. acting through Dr. G. Peter Pushkas, were negligent in the following ways:

    (a) They continued a prescription for an excessive amount of Coumadin on August 25, 2006, i.e., 15 mg qd rather than 10 mg qd, without first knowing Mr. Eid's coagulation levels;

    (b) They failed to order a stat (urgent) PT/INR test on August 25, 2006;

    (c) They failed to proactively monitor Mr. Eid's symptoms;

(d) They failed to contact Mr. Eid on August 26, 2006, to warn him to stop taking his Coumadin;

(e) They performed sporadic and inadequate PT/INR monitoring.

These Defendants were negligent in other ways.

35. The negligence of these Defendants directly and proximately caused Mr. Eid's subdural hematoma and resulting death, or was a substantial factor contributing thereto.

36. As a direct result of the Decedent's death, his widow, Plaintiff Charlotte A. Eid, has and will suffer grief, mental anguish, emotional pain and suffering, loss of society, companionship, marital care, comfort, advice and protection. Plaintiff Charlotte A. Eid has and will sustain pecuniary loss including lost financial support and other contributions, and the reasonable value of services the Decedent would have provided had he lived his normal expected life. Plaintiff Charlotte A. Eid has been damaged in other ways.

37. The Decedent's surviving children, Rima Eid and Georges Eid, have and will sustain grief, mental anguish, emotional pain and suffering, loss of society, companionship, protection, filial care, advice, and the guidance of their father. They have and will sustain pecuniary loss including loss of financial support and other contributions. The Decedent's children have been damaged in other ways.

38. The Decedent's surviving mother, Yvonne Eid, has and will sustain grief, mental anguish, emotional pain and suffering, and the loss of society, companionship, protection, care, and advice of her son, the Decedent. Yvonne Eid has been damaged in other ways.

**WHEREFORE**, Plaintiff Charlotte A. Eid, individually and to the use of Rima Eid, Georges Eid, and Yvonne Eid, demands judgment, jointly and severally, against Defendants

G. Peter Pushkas and G. Peter Pushkas, M.D., P.C., for compensatory damages in excess of the required jurisdictional amount, plus interest and costs, and any and all other relief to which the Claimants may be entitled.

## COUNT II

### (Survival Action)

39. Paragraphs 1 through 35 of this Complaint are re-alleged and incorporated by reference herein.

40. As a result of the aforesaid negligence, the Decedent Mansour G. Eid suffered conscious pain and suffering, anxiety, fright, and decreased mental functioning prior to his death. As a further result of the aforesaid negligence, the Decedent's Estate incurred medical and funeral expenses. The Decedent's Estate has been damaged in other ways.

**WHEREFORE,** Plaintiff Charlotte A. Eid, as Personal Representative of the Estate of Mansour G. Eid, demands judgment, jointly and severally, against Defendants G. Peter Pushkas and G. Peter Pushkas, M.D., P.C., for compensatory damages in excess of the required jurisdictional amount, plus interest and costs, and any and all other relief to which the Estate may be entitled.

Respectfully submitted,

**KARP, FROSH, LAPIDUS, WIGODSKY & NORWIND, P.A.**

*/s/ Edward L. Norwind*
---
Edward L. Norwind, Esquire, Bar No. 08858
lnorwind@karpfrosh.com
J. Philip Kessel, Esquire, Bar No. 02008
pkessel@karpfrosh.com
Murray D. Scheel, Esquire, Bar No. 28070
mscheel@karpfrosh.com
2273 Research Blvd., Suite 200
Rockville, Maryland  20850
301-948-3800 – phone
301-948-5449 – fax
*Counsel for Plaintiffs*

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of civil Procedure 38(a), the Plaintiffs demand a trial by jury on all issues so triable in this action.

*/s/ Edward L. Norwind*
---
Edward L. Norwind, Esquire, Bar No. 08858
lnorwind@karpfrosh.com
J. Philip Kessel, Esquire, Bar No. 02008
pkessel@karpfrosh.com
Murray D. Scheel, Esquire, Bar No. 28070
mscheel@karpfrosh.com
2273 Research Blvd., Suite 200
Rockville, Maryland  20850
301-948-3800 – phone
301-948-5449 – fax
*Counsel for Plaintiffs*